[Crim. No. 353. Department One.—March 24, 1898.]

THE PEOPLE, Respondent, v. R. A. SHAVER, Appellant.

CRIMINAL LAW—HOMICIDE—EVIDENCE—THREAT OF DEFENDANT—IMPEACH-MENT OF WITNESS.—Upon the trial of a defendant accused of murder, a witness for the prosecution, who was sought to be discredited on cross-examination, because he had testified for the first time to a damaging threat of defendant against the deceased, which had not been included in his testimony given on previous occasions, is entitled in rebuttal to give his reasons for the apparent inconsistency, and to explain it, as matter of right and justice; and it is a question for the jury to determine whether the reasons and explanation were or were not sufficient.

ID.—STRIKING OUT EVIDENCE—INSTRUCTIONS—RULING WITHOUT PREJUDICE.— Where such witness stated, under objections, as his reason for his testimony, that he had had a conversation with defendant's attorney in which he stated what his evidence would be, and such attorney said he was "not a very good witness for the defense" that this was "damaging testimony," but he had only to answer questions that were asked "straight as they were asked," and did "not have to volunteer any testimony," a great portion, if not all, of the conversation was admissible, and where the whole of it was subsequently stricken out by order of the court, and the jury were instructed to disregard the evidence, this court would not be justified in holding, under these cir-. cumstances, that any substantial error was committed to the prejudice of the defendant in the admission of the evidence.

ID.—BAD REPUTATION OF DECEASED—ADMISSION OF DISTRICT ATTORNEY.— When the defendant introduced evidence to show that the general reputation of the deceased for peace and quiet was bad, and, thereupon the district attorney admitted that any number of witnesses produced by the defendant would testify to the same effect, and the defendant claimed that the admission was that deceased's reputation in fact for peace and quiet was bad, the difference between the two admissions, as bearing upon the effect and weight of the evidence before the jury, is scarcely perceptible, and there is no substantial merit in the contention of defendant.

APPEAL from a judgment of the Superior Court of Merced County and from an order denying a new trial. J. K. Law, Judge.

The facts are stated in the opinion of the court.

Frank H. Farrar, E. N. Rector, and John F. McSwain, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

GAROUTTE, J.—Defendant has been convicted of the crime of manslaughter, and, upon appeal, asks for a new trial based upon certain exceptions taken to the rulings of the court.

One Rignalda was an important witness for the prosecution. At the coroner's inquest and upon other occasions he testified to certain statements made by the defendant a short time prior to the homicide. At the present trial he testified that defendant said in substance: "I will go home and get a gun and fix him." Upon cross-examination, the attorney for defendant endeavored to show by his evidence given at the former hearings that he now gave such evidence for the first time, and thus discredit him. In rebuttal, under objection, the witness stated that the reason he gave such evidence for the first time was owing to a conversation he had with defendant's attorney soon after the homicide, wherein, after stating to this attorney what his evidence would be, the attorney said, "You are not a very good witness for the defense. This is damaging testimony you are giving, but you do not have to answer only just the questions that are asked you." "He said that I did not have to volunteer any testimony. I had only to answer the questions straight as they were asked me. That was the substance of the conversation." This evidence of the witness as to the conversation with the attorney was immediately stricken from the record, and the jury at the same time instructed to disregard it in deliberating upon the verdict to be thereafter rendered. By the cross-examination, defendant's attorney was attacking the credibility of the witness in showing that his present evidence was inconsistent with that given in the past. Under such circumstances, the witness was entitled to give his reasons for the apparent inconsist-

encies, and present any explanations he had for the existence of such inconsistencies. This was a matter of right and justice to the witness. And whether those explanations and reasons were good or bad, whether they furnished sufficient cause for the change in the evidence of the witness, was a matter addressed to the jury alone when engaged in weighing and testing his credibility. For these reasons there can be no doubt but that a great portion of the statement stricken from the record was clearly admissible. If it had all been admitted, it is not plainly apparent that error would have been committed. But, in view of the subsequent acts of the court in striking the whole matter from the record, there is nothing demanding a new trial of the case. This action of the court was taken at the time, and the jury was then instructed to disregard the evidence. Under such circumstances, it must be an exceptional case to justify this court in holding the commission of substantial error by the court. The circumstances here disclosed present no case of that character.

The defendant placed a witness upon the stand who testified that the general reputation of the deceased for peace and quiet was bad. Thereupon the district attorney admitted that any number of witnesses produced by the defendant would testify to the same effect. The defendant claims that the admission was that deceased's reputation in fact for peace and quiet was bad. The difference between these two admissions, as bearing upon the effect and weight of the evidence before the jury, is scarcely perceptible. When the district attorney admitted that any number of witnesses, however great, would testify that the reputation of the deceased for peace and quiet was bad, no witnesses to the contrary being offered, it may almost be said as matter of law that his reputation in these particular characteristics was bad. There is no substantial merit in appellant's contention under any circumstances. The record discloses no error.

Judgment and order affirmed.

Van Fleet, J., and Harrison, J., concurred.